## 1508.   COOPER *et al.* v. KING.

Under the Civil Code, § 3717, "Payment of money due, to the creditor or his authorized or general agent, or one whom the creditor accredits as agent though he may not be so, or to his partner interested with him in the money, shall be good; and if such agent receives property other than money as money, the creditor is bound thereby."

Appeal, from Houston superior court—Judge Felton. October 9, 1908.

Argued December 14, 1908.—Decided April 15, 1909.

The exceptions are to the direction of a verdict upon a rule to distribute money raised from a sheriff's sale of property of Thorp. King had a distress warrant against Thorp for $90 and costs, and also a landlord's lien for supplies, amounting to $126.13 and costs. Cooper had a mortgage fi. fa. against Thorp. Cooper was respondent in the rule, and made by his pleadings the point that King's rent had been paid. Cooper made it appear, in the testimony, that he had paid to Davis & Company at Macon the note for $90, given by Thorp to King for rent; also that he had paid to Davis & Company certain notes of Thorp, aggregating about $166; but the testimony seems to indicate that the notes last referred to did not represent the items for which the landlord's

lien for supplies was prosecuted. King, in his testimony, admitted that he had placed the rent note with Davis & Company for collection. The judge directed a verdict ordering the sheriff to pay over the money to King on the landlord's lien and distress warrant, in preference to the mortgage fi. fa. of Cooper. The record does not definitely disclose whether it was before or after the distress warrant was sworn out that Cooper paid Davis & Company the rent note.

R. N. Holtzclaw, J. P. Duncan, for plaintiffs in error.

POWELL, J. If King's rent was paid either to him or to Davis & Company, the agents with whom he had placed the note for collection, before the distress warrant was issued, no portion of the proceeds from the property sold should have been appropriated to the distress warrant. If this payment was made after the distress warrant was sued out, then King would have been entitled to receive on his distress warrant only the cost which had accrued on it up to the time of payment of the note. Payment to Davis & Company was equivalent to payment to the plaintiff himself. Civil Code, §3717. The court therefore erred in directing that any portion of the proceeds be appropriated to the principal sum due on the distress warrant.  *Judgment reversed.*